UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA </br></br> v. </br></br> LORALIE LABROAD, </br></br>   Defendant | ) </br> ) </br> ) </br> )   Criminal No. 24-10296 </br> ) </br> ) </br> ) </br> ) |

## GOVERNMENT'S SENTENCING MEMORANDUM

On May 12, 2022, defendant Loralie LaBroad was entrusted with access to a narcotics cart during her shift as a traveling nurse assigned to a rehabilitation center. During her shift, LaBroad tampered with at least two bottles of morphine assigned to a particular patient. She removed morphine and replaced it with a diluent, leaving the two bottles of watered-down, potentially-contaminated, morphine on the cart. In so doing, LaBroad placed the patient at a serious risk of harm the next time that tainted morphine was to be administered. Thankfully, these bottles were intercepted by investigators before any diluted morphine could be dispensed to this patient.

For her actions in tampering with these morphine bottles, LaBroad was charged and pleaded guilty to a one-count Information charging her with tampering with consumer products, in violation of 18 U.S.C. § 1365.

Consistent with the terms of the plea agreement and for the reasons set forth below, the government requests that the Court sentence LaBroad to 38 months in prison, to be followed by two years of supervised release during which LaBroad may not practice as a registered nurse or otherwise work or volunteer in any position in which she has access to controlled substances.

### Factual Background

The following facts are set forth in the presentence investigation report.

Loralie LaBroad has worked as a registered nurse for over 30 years, licensed in both New Hampshire and Massachusetts. In 2019-2020, while LaBroad was working at a rehabilitation center in Derry, New Hampshire, administrators began to suspect that LaBroad was diverting morphine from bottles on medication carts to which she had access. Other nurses working with LaBroad observed her suspiciously removing bottles of morphine from these carts and when the center later tested one of these suspect bottles it determined that the morphine had been tampered with and was significantly diluted. At the time, LaBroad denied any tampering and tested negative for having any controlled substances in her system. Nevertheless, she was fired from the rehab facility and, following an investigation by the New Hampshire Board of Nursing, LaBroad agreed to voluntarily surrender her New Hampshire license in 2021.

After surrendering her New Hampshire license, LaBroad continued to practice under her Massachusetts license. Beginning in December 2021, through and until at least May 12, 2022, LaBroad was employed as a traveling nurse through a healthcare staffing company and was assigned to various nursing and rehabilitation facilities throughout Massachusetts.

Just like the rehabilitation center in New Hampshire, several of these Massachusetts facilities also began to suspect that LaBroad was diverting morphine from patients. Again, other nurses working alongside LaBroad detected evidence of tampering (i.e. bottles that were leaking or appearing to be the wrong color). Several of these bottles were tested and also came back at significantly diluted concentrations. LaBroad was the suspected source of the tampering because of her consistent access to the bottles of morphine at issue.

In the spring of 2022, LaBroad was assigned to work at a nursing and rehabilitation center in Danvers, Massachusetts. As before, LaBroad had access to morphine because she was charged with treating multiple patients who had been prescribed morphine for relief of their pain.

In April 2022, the Danvers rehabilitation center contacted investigators after a nurse noticed a bottle of morphine was wet and leaking. Administrators at the facility reviewed other bottles of morphine on other medicine carts and identified three additional bottles that appeared to have been tampered with because the color of the bottle was lighter than expected or the bottle had puncture holes in the seal. All bottles were provided to investigators and tested by the FDA laboratory, and all came back diluted to varying degrees. LaBroad had been assigned to the medicine carts containing these bottles of morphine approximately two days before they were discovered.

Following these suspected incidents of tampering, investigators undertook a "controlled operation" to determine with certainty whether LaBroad was tampering with the bottles of morphine. On May 12, 2022, prior to LaBroad's next shift, investigators worked with the Danvers rehabilitation center administrators to review and photograph the bottles of morphine on the cart to be assigned to LaBroad. The cart included two bottles of morphine assigned to the same patient ("Patient 1" in the Information): one bottle was fully sealed before LaBroad's shift, and one bottle was open, from which investigators took a control sample. LaBroad then came on shift and was the only individual with access to the medicine cart for the duration of her shift. At the end of LaBroad's shift, investigators again reviewed the two bottles of morphine. The previously-sealed bottle was now a different color, leaking, and showed evidence of multiple puncture holes. All samples were tested twice (using two different testing methods) and the results confirmed that both bottles of morphine had been tampered with and diluted.

|  | Starting Concentration Test 1 | Ending Concentration Test 1 | Starting Concentration Test 2 | Ending Concentration Test 2 |
|---|---|---|---|---|
| Open bottle | 117% | 103% | 108% | 100% |
| Closed bottle | N/A | 83% | NA | 77% |

As a result, it was determined that LaBroad tampered with both bottles of morphine on May 12, 2022. Specifically, LaBroad diluted Patient 1's morphine by removing morphine and replacing the removed liquid with another unknown solution, thereby diluting the entire solution.

Investigators confronted LaBroad immediately after her shift when the tampered bottles were discovered. She denied tampering with the bottles and claimed she did not see the pinhole punctures in the seal. She acknowledged that she had medicated Patient 1 with the open bottle during her shift, but investigators were unable to establish whether the tampering occurred before or after the dose was administered.

## Guidelines Calculation

The Probation Department correctly calculated the defendant's total offense level to be 24, which includes a base offense level of 25 pursuant to the tampering guideline (2N1.1), as well as a 2-point enhancement for the defendant's abuse of trust or use of a special skill. PSR, ¶¶ 29-39. This is consistent with the parties' plea agreement. With credit for prompt acceptance of responsibility and a criminal history category of III, the defendant's advisory guidelines sentencing range is 63-78 months.

## Sentencing Recommendation

The government's recommended sentence of 38 months represents a 40% variance below the low end of the advisory guidelines sentencing range. The government submits that this sentence is sufficient but no greater than necessary to achieve the goals of sentencing.

First, the sentence reflects the very serious nature and circumstances of the offense. LaBroad is charged with removing morphine from two bottles assigned to a patient who had been prescribed morphine for significant pain. LaBroad surreptitiously removed morphine from these bottles and introduced an unknown substance to make the bottles appear full and therefore avoid

arousing suspicious or detection.  She then returned these bottles to the medication cart.  But for the intervention of investigators, these diluted and potentially-contaminated bottles of morphine would have remained on the medication cart and likely would have been administered to Patient 1 by the next nurse on shift.

While it is deeply troubling to consider the risk of harm LaBroad created for Patient 1, it is equally disturbing to think about the patients who might have already been harmed by LaBroad's actions over the years. The charged offense is the first time LaBroad was confirmed to be tampering with morphine bottles, but this incident ended *years* of suspected tampering at multiple facilities throughout New Hampshire and Massachusetts.  In each of those prior incidents, the alleged tampering was consistent with the method of tampering unearthed here—LaBroad had access to morphine bottles which were then found leaking and with holes in the seal, and were determined to be substantially diluted.  Without a baseline like the one established in the May 12 controlled operation, there is no way to say when the prior tampering incidents occurred and whether any patients received tainted morphine in those facilities before the tampering was detected.  And it, of course, remains unknown how many incidents of LaBroad's tampering went completely undetected.  All of this suggests that, for years, LaBroad placed patients under her care at risk of serious physical and emotional harm.  What's more, by abusing her position of trust as a registered nurse to divert and dilute morphine designated for patients who truly needed the medication, LaBroad undermined the public's trust in licensed medical professionals.  All of this highlights the very serious nature of the offense committed by LaBroad and the need to punish her behavior.

The government's recommended sentence also reflects the needs to provide deterrence and to protect the public.  By the time she was confronted on May 12, 2022, LaBroad had already been

given an opportunity to turn her life around. Back in 2019, LaBroad was terminated from her nursing job in New Hampshire and voluntarily surrendered her New Hampshire license in response to a nearly-identical incident of suspected tampering. There, the suspect bottle was tested and determined to contain just .2% of the declared amount of morphine that should have been in the bottle. But LaBroad was not charged after this incident and was instead given a second chance. She took that opportunity to continue practicing in Massachusetts and continue tampering with morphine intended for patients in pain. The sentence of more than three years' incarceration here, followed by a period of supervised release during which LaBroad is precluded from practicing as a nurse, is intended to ensure that LaBroad never again endangers patients.

While LaBroad's offense is undoubtedly serious, her history, characteristics, and acceptance of responsibility weigh in favor of a sentence below the advisory GSR. As discussed in the PSR, LaBroad has a number of personal issues that appear to have led to the offense here. She also has a criminal history that spans nearly a decade and includes convictions for narcotics offenses, larceny, breaking and entering, and driving while intoxicated, but she has never served any meaningful time incarcerated. Although LaBroad initially denied that she tampered with the morphine bottles when she was originally confronted in May 2022, she has since accepted full responsibility for her actions. She has also taken serious steps toward sobriety, including participation in intensive outpatient therapy. LaBroad's demonstrated issues, her efforts toward rehabilitation, and her acceptance of responsibility all support the downward variance sought by the government here.

Weighing all of the relevant factors, the recommended sentence of 38 months achieves the goals of sentencing set forth in 18 U.S.C. §3553(a). This sentence is also consistent with the sentences imposed for tampering offenses in the District of Massachusetts over the last 5+ years.

| Date of Sentencing | Case Name | Docket Number | Summary | Sentence Received |
|---|---|---|---|---|
| 09/17/2024 | *United States v. Jaclyn McQueen* | 23-cr-10318-JEK | Defendant nurse removed liquid oxycodone from syringes and added water back in to conceal tampering, diluting at least 40 vials. Defendant admitted to investigators tampering with syringes and stealing oxycodone pills that were supposed to be wasted; sober four years, completed SARP and restorative justice programs. | 3 years' probation |
| 08/30/2023 | *United States v. Candice Mangan* | 22-CR-10144-FDS | Defendant paramedic removed fentanyl from vials in ambulance drug kits and added saline back in to conceal tampering on at least two occasions, affecting at least eight vials. When confronted, Defendant admitted tampering; she also assisted law enforcement with another investigation and completed restorative justice program. | 1 month imprisonment, 250 hours community service |
| 01/12/2023 | *United States v. Gwen Rider* | 21-CR-40014-TSH | Defendant nurse removed morphine from a patient's bottle and tampered with the remaining morphine at a nursing home on at least three to four occasions. Defendant admitted to stealing dilaudid from a prior nursing site. During the pendency of the case, Defendant was charged with other crimes unrelated to the tampering. | 52 months imprisonment |
| 01/09/2023 | *United States v. Hugo Vieira* | 22-CR-10052-AK | Defendant nurse removed fentanyl from vials and replaced it with saline for about two years. Investigators found that every one of the 60 vials they collected from the facility's storage cabinet had been tampered with and contained only 1.3 to 7 percent of the declared concentration. | 5 years' probation (First year home detention) |
| 12/20/2021 | *United States v. Marietta Strickland* | 20-CR-10114-IT | Defendant nurse, over a period of at least two months, replaced 120 oxycodone pills intended for an 89 year-old nursing home patient with other prescription medication including blood pressure, Alzheimer's disease, diabetes, and anti-seizure medication. Defendant gave the patient at least 77 pills that were not prescribed to the patient. | 15 months imprisonment |

| Date of Sentencing | Case Name | Docket Number | Summary | Sentence Received |
|---|---|---|---|---|
| 08/18/2021 | *United States v. Danielle Works* | 20-CR-30032-MGM | Defendant nurse replaced multiple bottles of morphine prescribed to patients with water or cough syrup. Defendant's conduct extended to at least three separate nursing homes. Defendant consumed the morphine at work, leaving her intoxicated and unable to care for her hospice care patient. The patient died the day after this incident. | 20 months imprisonment |
| 06/29/2021 | *United States v. Mark Croft* | 20-CR-10330-ADB | Defendant nurse tampered with at least 18 carpujects of hydromorphone from an automated dispensing machine in a hospital emergency department. Defendant replaced the drug with saline. Before this crime, Defendant had engaged in similar conduct several years before. | 12 months and 1 day imprisonment |
| 04/12/2021 | *United States v. Michael Langlois* | 18-CR-10352-MLW | Defendant nurse removed morphine from a bottle and replaced it with Benadryl and then administered the tampered drug to his 80 year-old hospice patient who had been dying of lung cancer that had spread to his bones. Testing revealed that the morphine bottle contained only 63.5% of its declared concentration. In addition, Defendant had diluted all six bottles of morphine on his medication cart, four of which he diluted with Benadryl, which is believed to be dangerous for elderly patients. Another nurse discovered Defendant unresponsive and sweaty at the conclusion of his shift. Defendant admitted to tampering the night before this incident as well – Defendant removed morphine from bottles intended for two other elderly patients and replaced it with water. | 42 months imprisonment |

| Date of Sentencing | Case Name | Docket Number | Summary | Sentence Received |
|---|---|---|---|---|
| 02/24/2021 | *United States v. Kathleen Noftle* | 19-CR-10420-NG | Defendant nurse diluted morphine bottles intended for patients with tap water for a period of at least two months. When Defendant learned that hospital officials were investigating the tampering, she planted a syringe cap of morphine on her coworker's medical cart to divert suspicion onto her coworker. Investigation revealed that Defendant had been allowed to resign in lieu of termination from another hospital for mishandling narcotics. | 40 months imprisonment |
| 09/14/2020 | *United States v. Brianna Duffy* | 19-CR-10225-WGY | Defendant nurse tampered with 17 bottles of morphine belonging to 16 patients at 6 separate facilities over a two-year period. | 60 months imprisonment |
| 12/28/2019 | *United States v. Lauren Perrin* | 19-CR-10088-MLW | Defendant nurse tampered with three morphine bottles by removing the medicine and replacing it with cough syrup. The morphine should have been dispensed to an 88-year-old hospice patient under Defendant's care for approximately three weeks leading to the patient's death. Testing revealed that two of the morphine bottles contained only 19-29% of the correct concentration of morphine. The third bottle, which was discovered before it could be administered to the patient, contained only 3.9% of the correct concentration of morphine. | 54 months imprisonment |

<u>Conclusion</u>

For the foregoing reasons, the Government respectfully requests that the Court impose the sentence of 38 months of imprisonment to be followed by 24 months of supervised release during which LaBroad is precluded from practicing as a nurse.

                Respectfully submitted,

                LEAH B. FOLEY
                UNITED STATES ATTORNEY

By:   <u>/s/ Lauren A. Graber</u>
        LAUREN A. GRABER
        Assistant United States Attorney

Date: March 31, 2025

<u>Certificate of Service</u>

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                                     */s/ Lauren A. Graber*
                                                     Lauren A. Graber
                                                     Assistant United States Attorney

Date: March 31, 2025